UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA SWAFFORD, JOYCE RANNOCHIO, JENNY LOVAIN, KASSIE TRACY, PATTI QUIGLEY,<br><br>        Plaintiffs,<br><br>  -vs.-<br><br>HOLOGIC, INC.,<br><br>        Defendant. | Case No. 1:23-cv-12687-ADB |
| JANET BONVILLAIN, TINA CAINE, DELILAH HORN, TERESA WALKER, TRACY SEGURA,<br><br>        Plaintiffs,<br><br>  -vs.-<br><br>HOLOGIC, INC.,<br><br>       Defendant. | Case No. 1:23-cv-12833-ADB |
| MARGARET CIERS, JULIE BAUER, SELENA FISHER, KAREN SELLARDS, SARAH FARLEY,<br><br>        Plaintiffs,<br><br>  -vs.-<br><br>HOLOGIC, INC.,<br><br>       Defendant. | Case No. 1:23-cv-13215-ADB |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

Pursuant to Local Rule 16.1 and Federal Rules of Civil Procedure 16(f) and 26(f), and consistent with the Court's January 19, 2024 Order, ECF No. 21, undersigned counsel for Plaintiffs Cynthia Swafford, Joyce Rannochio, Jenny Lovain, Kassie Tracy, Patti Quigley, Janet Bonvillain, Tina Caine, Delilah Horn, Teresa Walker, Tracy Segura, Margaret Ciers, Julie Bauer, Selena Fisher, Karen Sellards, and Sarah Farley ("Plaintiffs") and Defendant Hologic, Inc. ("Hologic") (collectively, the "Parties"), hereby submit this Joint Statement concerning case schedule and discovery. Prior to submitting this Statement, the Parties conducted a Rule 26(f) conference on January 30, 2024.

**Litigation overview**. Plaintiffs bring personal injury claims related to their use of the BioZorb® 3D bioabsorbable marker device (the "BioZorb Device"). There are a number of other cases involving the BioZorb Device pending in this Court, which were filed by the same plaintiffs' counsel. The first such case was filed on November 4, 2022 and named six plaintiffs.[1] *See Evers et al. v. Hologic, Inc.*, No. 22-cv-11895 (D. Mass.). Since then, counsel for plaintiffs have filed 16 additional complaints against Hologic on behalf of 77 more plaintiffs. *See Block et al. v. Hologic, Inc.*, No. 22-cv-12194 (D. Mass.); *Chambers et al. v. Hologic, Inc.*, No. 23-cv-10260 (D. Mass.); *Shirkey et al. v. Hologic, Inc.*, No. 23-cv-10579 (D. Mass.); *Stine et al. v. Hologic, Inc.*, No. 23- cv-10599 (D. Mass.); *Baker et al. v. Hologic*, Inc., No. 23-cv-10717 (D. Mass.); *Rivera et al. v. Hologic, Inc.*, No. 23-cv-11012 (D. Mass.); *Slater et al. v. Hologic, Inc.*, No. 23-cv-10717 (D. Mass.); *English et al. v. Hologic, Inc.*, No. 23-cv-11512 (D. Mass.); *Webb et al. v. Hologic, Inc.*, No. 23-cv-11823 (D. Mass.); *Price et al. v. Hologic, Inc.*, No. 23-cv-12011; *Austin et al. v.*

---

[1] On December 12, 2022 this Court severed the claims of Ms. Lyons and remanded her claims to state court. *See* ECF No. 13.

*Hologic, Inc.*, No. 1:23-cv-12651 (D. Mass); *Heffner et al. v. Hologic, Inc.*, No. 1:23-cv-12278 (D. Mass); *Blanchenay et al. v. Hologic, Inc.*, No. 1:23-cv-12458 (D. Mass); *Swafford v. Hologic, Inc.*, No. 1:23-cv-12687 (D. Mass); *Bonvillain v. Hologic, Inc.*, No. 1:23-cv-12833 (D. Mass); *Ciers v. Hologic, Inc.*, No. 1:23-cv-13215 (D. Mass)[2] (collectively, the "BioZorb Device Litigation"). Each of the complaints assert nearly identical claims: negligence - failure to warn, negligence - design defect, breach of implied warranty of merchantability, and negligence - failure to test and monitor, based on alleged injuries caused by the BioZorb Device.

**Staged discovery in Tracks "A" and "B" for earlier filed cases**. This Court previously endorsed the Parties' joint stipulated schedules in the first-filed federal cases, *Evers* and *Block*, which provide for staged discovery. Specifically, although each of the plaintiffs in this litigation alleges unique facts about her medical treatment and subsequent alleged injuries, the Parties agreed that their assessment of the merits of each case in the BioZorb Device Litigation will implicate the learned intermediary doctrine. The Parties accordingly agreed to limit initial discovery – to be conducted during Phase 1 – to a core set of discovery necessary to evaluate the application of the learned intermediary doctrine, including a core set of document discovery from Hologic, plaintiffs' medical records, and depositions of plaintiffs and their implanting physician(s). *See Evers*, No. 22-cv-11895, ECF No. 22; *Block*, No. 22-cv-12194, ECF No. 15 (the "*Evers* CMO"). Motions for summary judgment based on the learned intermediary doctrine would then be filed after the completion of depositions of each plaintiff and her implanting physician. Only after those

---

[2] Hologic has not yet filed an Answer to *Ciers v. Hologic, Inc.*, No. 1:23-cv-13215 (D. Mass), which is presently due on March 11, 2024. Hologic reserves all objections or defenses applicable to the action or any part thereof or claim therein.

motions are filed would the Parties proceed to any further discovery, to be conducted during Phase 2.

The Parties agreed that these cases should proceed in "waves," such that each group of 10-15 plaintiffs would be assigned to a separate discovery track, that would follow the preceding wave of cases by roughly six months. The *Evers* and *Block* cases constitute "Track A" and are proceeding under the staged discovery plan set forth in the *Evers/Block* Rule 16.1 Statements, *see Evers*, No. 22-cv-11895, ECF No. 22; *Block*, No. 22-cv-12194, ECF No. 15, while "Track B" consists of the later-filed *Chambers*, *Shirkey*, and *Stine* cases, which are proceeding under the deadlines in the *Chambers* CMO, *see Chambers*, No. 23-cv-10260, ECF No. 14; *Shirkey*, No. 23-cv-10579, ECF No. 12; *Stine*, No. 23-cv-10599, ECF No. 12.

**Discovery for the later-filed cases.** As set forth in the Rule 16 Joint Report filed in the *Baker* litigation, No. 23-cv-10717, ECF No. 24, the Parties believe that it is no longer appropriate to bifurcate discovery for the remaining tracks because of the number of cases currently filed and the number of future cases plaintiffs anticipate filing. As such, the Parties previously proposed in their *Baker* Report that all cases filed after the last Track B case (*Stine*) would proceed to discovery along staggered deadlines without bifurcating plaintiff-discovery between Phase I learned intermediary discovery and Phase II discovery. *See Baker* Joint Report at 3. Instead, the Parties proposed to proceed with discovery as they normally would under the Federal Rules of Civil Procedure and the Local Rules. In an effort to efficiently manage the litigation, the Parties still proposed assigning cases to "waves" such that each group of 10-15 plaintiffs will be assigned to a separate discovery track, assuming a number of complaints are filed close in time together. *See id.* The Parties further proposed that "Track C" consist of the *Baker*, *Slater*, and *Rivera* Plaintiffs. *See id.* at 4. This Court endorsed that proposal and entered the "Track C" discovery schedule

in the *Baker*, *Slater*, and *Rivera* cases (the "*Baker* CMO").  *See Baker*, No. 23-cv-10717, ECF No. 25; *Slater*, No. 23-cv-10717, ECF No. 22; *Rivera*, No. 23-cv-11012, ECF No. 22.

**Tracks "E" and "F" discovery**.  The Parties propose that the previously filed cases *Austin et al. v. Hologic, Inc.*, No. 1:23-cv-12651 (D. Mass), *Heffner et al. v. Hologic, Inc.*, No. 1:23-cv-12278 (D. Mass), and *Blanchenay et al. v. Hologic, Inc.*, No. 1:23-cv-12458 (D. Mass) be placed into "Track E"—as set forth in the Joint Rule 16.1 statements filed contemporaneously in each such case.  The parties further propose that the above-captioned *Swafford*, *Bonvillain* and *Ciers* cases are placed onto a "Track F" schedule.

However, as will be set forth in more detail in the Parties' submission in advance of the case management conference set for February 6, 2024, the Parties disagree over certain aspects of discovery in the Track F cases.  Specifically, the parties agree on the proposed discovery deadlines set forth below, but disagree regarding whether depositions should proceed in Track F or should be stayed pending resolution of a bellwether process.  As such, the parties respectfully request to be heard on this issue during the case management conference scheduled for February 6 and request that the Court abstain from entering a schedule in the Track F cases until after such hearing.

**Track "F" Discovery Deadlines**:

The Parties propose that the schedules in *Swafford, Bonvillain* and *Ciers* proceed according to the following discovery plan:

**Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be served by April 1, 2024.

1. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after April 1, 2024.

5

2. **Discovery Schedule**: The Parties' proposed schedule is below. This schedule is agreed to by the parties, except as provided for in subsection c. below.

   a. To conserve resources and avoid duplication, the Parties contemplate that any discovery taken in *Evers* and *Block*, that is not specific to a particular BioZorb case, shall be usable as if taken in this case, and shall be completed consistent with the schedule in *Evers* and *Block*. Specifically, such Phase II discovery shall commence on November 1, 2023, and must be completed by June 28, 2024. The Parties shall meet and confer in advance of the November 1, 2023 deadline to discuss the scope of Phase II discovery in the interests of moving discovery forward expeditiously upon commencement of the Phase II discovery period.

   b. Plaintiffs must produce signed medical authorizations, lists of relevant healthcare providers, and relevant medical records in Plaintiffs' possession by March 28, 2024.

   c. Additional discovery shall proceed as follows:

      • *Defendants' Proposal:* All other discovery—including all plaintiff-specific written discovery, depositions of plaintiffs and depositions of plaintiff-specific fact witnesses (including treating physicians)—must be completed by June 1, 2025.

      • *Plaintiffs' Proposal:* All discovery not set forth above shall be stayed pending resolution of a bellwether process.

3. **Further Discovery Deadlines**: Further pre-trial deadlines, including deadlines for the exchange of expert reports and submission of *Daubert* and other dispositive motions will

be governed by any Order entered by the Court in connection with the Parties' respective proposals for bellwether discovery and/or trial selection.

    4.    **Case Management Conference.** The Parties propose that the Court will convene a status conference to address the pre-trial schedule and trial date(s) as contemplated by any Order entered by the Court in connection with the Parties' respective proposals for bellwether discovery and/or trial selection.

    5.    **Discovery - Final Deadline.** Date to be set by the Court following the Parties' June 1, 2025 submission.

    6.    **Initial Pretrial Conference.** Date to be set by the Court.

    7.    **Other Matters.**

        a.    **Setting Schedule on the Written Submission.** The Parties respectfully request to be heard on this submission during the case management conference currently set for February 6, 2024 in the *Block v. Hologic, Inc.*, No. 1:22-cv-12194 (D. Mass), *Evers v. Hologic, Inc.*, No. 1:22-cv-11895 (D. Mass), *Webb et al. v. Hologic, Inc.*, No. 23-cv-11823 (D. Mass.) and *Price et al. v. Hologic, Inc.*, No. 23-cv-12011 (D. Mass) cases.

        b.    **Trial by Magistrate.** The Parties do not consent to trial before a United States Magistrate Judge.

        c.    **Phased Discovery.** The Parties' proposal for discovery is set forth above.

        d.    **Discovery Event Limitations.** The Parties anticipate that they will adhere to the discovery event limitations for each side set by Local Rule 26.1.

        e.    **Protective Order.** The Parties contemplate that a Confidentiality Order, a HIPAA Order, and a Protocol for the Production of Electronically-Stored

> Information in substantially the same form as those entered in *Evers* will be sought and will submit proposed forms of order for the consideration of the Court.
>
> f. **Certification of Consultation.** The Parties shall individually file the certifications required by Local Rule 16.1(d)(3).
>
> g. **Alternative Dispute Resolution.** The Parties have considered the options for alternative dispute resolution programs set forth in Local Rule 16.4. As set forth in the Proposed Bellwether Case Management Order, the parties propose a May 1, 2024 deadline to complete mediation.

Dated: February 1, 2024

Respectfully submitted,

| | |
|---|---|
| HOLOGIC, INC.,<br>By its attorneys, | PLAINTIFFS,<br>By their attorney, |
| */s/ Daniel P. Tighe*<br>Daniel P. Tighe (BBO# 556583)<br>Pietro A. Conte (BBO# 707055)<br>Donnelly, Conroy & Gelhaar, LLP<br>260 Franklin Street, Suite 1600<br>Boston, Massachusetts 02110<br>dpt@dcglaw.com<br>pac@dcglaw.com<br>T: +1 617.720.2880 | */s/ Elizabeth Ryan*<br>Elizabeth Ryan<br>John J. Roddy<br>Bailey & Glasser LLP<br>176 Federal Street, 5th Floor<br>Boston, MA 02110<br>eryan@baileyglasser.com<br>jroddy@baileyglasser.com<br>T: +1 617-439-6730<br>F: +1 617-951-3954 |
| */s/ Daniel S. Pariser*<br>Daniel S. Pariser (*pro hac vice* application pending)<br>Jocelyn A. Wiesner (*pro hac vice* application pending)<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave., NW<br>Washington, D.C. 20001<br>daniel.pariser@arnoldporter.com<br>T: +1 202.942.5000 | */s/ C. Moze Cowper*<br>C. Moze Cowper (admitted *pro hac vice*)<br>Cowper Law<br>12301 Wilshire Blvd., Ste. 303<br>Los Angeles, CA 90025<br>mcowper@cowperlaw.com<br>T: +1 877-529-3707<br>F: +1 877-284-0980 |

*/s/ C. Elizabeth Littell*
Christina D. Crow (admitted *pro hac vice*)
C. Elizabeth Littell Courson
    (admitted *pro hac vice*)
Jinks Crow & Dickson, P.C.
219 Prairie Street North
P.O. Box 350
Union Springs, AL 36089

## **CERTIFICATE OF SERVICE**

I, Daniel P. Tighe, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 1, 2024.

> */s/ Daniel P. Tighe*
> Daniel P. Tighe